## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DEQUAN LYNN HALL,
by Next Friend Jerry Dwayne King Jr.,

                                          Case No. 26-10023

        Plaintiff,                      Hon. Jonathan J.C. Grey

v.

CITY OF DETROIT, a municipal
Corporation (plus John/Jane Doe
Officers, detectives, supervisors),

        Defendants.

_____/

## OPINION AND ORDER
## DISMISSING COMPLAINT (ECF No. 1)

On January 6, 2026, a civil rights complaint was filed with the above caption. (ECF No. 1.) The complaint is signed by Jerry Dwayne King Jr. ("King"), who claims that: (1) he brought this action, and (2) he appears solely in a representative capacity, as next friend to Dequan Lynn Hall ("Hall"), the real party in interest. (*Id.* at PageID.5–6.) King claims his next friend status is proper pursuant to *Whitmore v. Arkansas*, 495 U.S. 149 (1990), Federal Rule of Civil Procedure 17(c), and "Sixth Circuit precedent permitting next-friend filings where a real party in interest is unable to litigate independently." (*Id.* at PageID.5.)

Federal Rule of Civil Procedure 17(c) allows a party to sue by a "next friend" as follows:

> (1) *With a Representative.* The following representatives may sue or defend on behalf of a minor or an incompetent person:
>
>> (A) a general guardian;
>> (B) a committee;
>> (C) a conservator; or
>> (D) a like fiduciary.
>
> (2) *Without a Representative.*
>
> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

The complaint does not indicate that Hall is a minor or an incompetent person; it merely reflects that Hall is incarcerated. The complaint alleges that Hall's incarceration "render[s] him functionally incapable of prosecuting this action without assistance" as he is "unable to adequately access the courts, investigate facts, secure documents, or meaningfully litigate this action on his own behalf." (ECF No. 1, PageID.5.)

The reliance on *Whitmore v. Arkansas* is similarly unhelpful. In *Whitmore*, the Supreme Court stated:

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the

2

cause on behalf of the detained person, who remains the real party in interest. *Morgan v. Potter,* 157 U.S. 195, 198, 15 S. Ct. 590, 591, 39 L. Ed. 670 (1895); *Nash ex rel. Hashimoto v. MacArthur,* 87 U.S. App. D.C. 268, 269–270, 184 F.2d 606, 607–608 (1950), cert. denied, 342 U.S. 838, 72 S. Ct. 64, 96 L. Ed. 634 (1951). **<u>Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another.</u> <u>Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation— such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.</u>** *Wilson v. Lane,* 870 F.2d 1250, 1253 (CA7 1989), cert. pending, No. 89–81; *Smith ex rel. Missouri Public Defender Comm'n v. Armontrout,* 812 F.2d 1050, 1053 (CA8), cert. denied, 483 U.S. 1033, 107 S. Ct. 3277, 97 L.Ed.2d 781 (1987); *Weber v. Garza,* 570 F.2d 511, 513–514 (CA5 1978). **Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate**, see, *e.g., Morris v. United States,* 399 F. Supp. 720, 722 (ED Va.1975), **and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest**. *Davis v. Austin,* 492 F. Supp. 273, 275–276 (ND Ga.1980) (minister and first cousin of prisoner denied "next friend" standing). **<u>The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court</u>**. *Smith, supra,* at 1053; *Groseclose ex rel. Harries v. Dutton,* 594 F. Supp. 949, 952 (MD Tenn.1984).

*Whitmore v. Arkansas*, 495 U.S. 149, 163–164 (1990) (emphasis added).

Here, the complaint does not reflect that Hall is mentally incompetent or has any other disability. The complaint claims

inaccessibility because Hall is incarcerated, but a next friend cannot file

a complaint on behalf of an incarcerated person if the incarcerated person

could file the action himself. *See, e.g., Lucarelli v. United States*, 65 F.

App'x 926, 927 (6th Cir. 2003); *Carpenter on behalf of Cardello-Smith v.*

*King*, No. 1:24-CV-465, 2024 WL 2349108, at *2 (W.D. Mich. May 23,

2024), *certificate of appealability denied sub nom. Carpenter v. King*, No.

24-1587, 2024 WL 5319080 (6th Cir. Dec. 5, 2024) (citing *Wilson v. Lane*,

870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511,

513 (5th Cir. 1978)).

Importantly,

> **The fact that [plaintiff] is incarcerated, with limited or**
> **no access to legal materials, does not suffice to**
> **establish next friend status.** *Williamson v. Wakefield*, No.
> 3:23-CV-P339, 2023 WL 7399128, at *2 (W.D. Ky. Oct. 3,
> 2023) ("Cox's main argument seems to be that Petitioner is
> inaccessible because he is incarcerated and 'has restricted
> access to legal documents.' However, the fact of incarceration
> itself is insufficient to show that a petitioner is inaccessible.");
> *Washington v. Neil*, No. 1:18CV00589, 2019 WL 4743666, at
> *2 (S.D. Ohio Sept. 30, 2019) (prisoner's lack of legal
> knowledge insufficient to establish next friend standing)
> (citing *Pinkston v. Smith*, No. 3:15cv786-CWR-MTP, 2015 WL
> 7289501, at *2 (S.D. Miss. Nov. 17, 2015) (allegations by
> petitioner's brother that petitioner was blocked from law
> library and had his papers stolen insufficient to establish next
> friend standing)).

4

*Drane v. Streck*, No. 3:24-CV-00202, 2024 WL 4227033, at \*2 (S.D. Ohio Sept. 18, 2024) (emphasis added), *report and recommendation adopted,* No. 3:24-CV-202, 2024 WL 4528937 (S.D. Ohio Oct. 18, 2024). Other than Hall's incarceration, the complaint fails to identify any inaccessibility with respect to Hall.

King, Hall, and the complaint fail to show Hall's inaccessibility, nor is there any allegation that Hall is a minor, is incompetent, or suffers from a disability that prevents Hall from prosecuting this action on his own behalf. Further, even if there was a basis for Hall having a "next friend," King simply states that he "has a significant relationship with" Hall (ECF No. 1, PageID.5) but does not explain what that relationship is.

For the foregoing reasons, the Court concludes that King lacks standing to file this action on Hall's behalf. *Lucarelli*, 65 F. App'x at 927. Accordingly, **IT IS ORDERED** that the complaint (ECF No. 1) and this cause of action are **DISMISSED**.

    **SO ORDERED.**

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: January 8, 2026

5

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 8, 2026.

<u>s/</u> **S. Osorio**
Sandra Osorio
Case Manager